UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| REAL PROPERTY LOCATED | § | |
| AT 1801 FAIRVIEW STREET, | § | |
| HOUSTON, TEXAS 77006, | § | |
| Defendant | § | |

## COMPLAINT FOR FORFEITURE IN REM

The United States of America files this action for forfeiture and alleges upon information and belief:

### *Nature of the Action*

1. This is an action to forfeit property to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881(a)(6).

### *Defendant Property*

2. The Defendant is the real property, including all improvements and appurtenances, located at 1801 Fairview Street, Houston, Texas 77006 (hereinafter, the "Defendant Property") and legally described as:

> Lot Six (6), Block 15-A of Cherryhurst Addition, a subdivision in Harris County, Texas, according to the map or plat thereof recorded in Volume 525, Page 537 of the Deed Records of Harris County, Texas

### *Jurisdiction and Venue*

3. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), and 1395.

1

*Statutory Basis for Forfeiture*

5. This action seeks forfeiture under:

   a. 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956, 1957 or 1960 or any property traceable to such property. It is a violation of 18 U.S.C. § 1957 for a person to knowingly engage or attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and that is derived from specified unlawful activity. The felonious sale of and dealing in controlled substances constitutes a "specified unlawful activity" under 18 U.S.C. § 1956(c)(7)(A), which incorporates 18 U.S.C. § 1961(1)(D); and

   b. 21 U.S.C. § 881(a)(6), which provides for the forfeiture of "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of [the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*], all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*]."

*Factual Basis*

1. Richard Arthur Evans ("Evans") owned and operated a pain management clinic in Houston, Texas. Through his pain management clinic, Evans engaged in a conspiracy to violate the Controlled Substances Act and commit mail fraud.

2. A federal grand jury indicted Evans with a conspiracy, from on or about January 1, 2008 through on or about December 31, 2013, (a) to distribute controlled substances, including oxycodone hydrochloride (a Schedule II controlled substance), outside the course of professional practice and not for a legitimate medical purpose in violation of the Controlled Substances Act and (b) to commit mail fraud. Evans was also charged with substantive counts of mail fraud, illegal distribution of controlled substances, and money laundering.

3. Following trial in July 2016, a jury found Evans guilty of conspiracy, five counts of distribution of oxycodone hydrochloride products, eight counts of mail fraud, and five counts of money laundering.

4. As a part of the conspiracy, Evans issued prescriptions for large quantities of dosage units of oxycodone products and other Schedule II controlled substances after performing minimal or no medical examination. He also pre-signed blank prescriptions.

5. Despite the fact that Evans' clinic was located in Texas, many of the prescriptions for Schedule II controlled substances were issued to residents of Louisiana.

6. Evans generally required Schedule II "patients" to make in-person office visits once every 90 days, at which time they typically paid Evans in cash to obtain prescriptions for Schedule II controlled substances. In the intervening time between in-person visits (typically 30 and then 60 days after the visit), Evans and/or his staff issued prescriptions for Schedule II controlled substances upon receipt of money orders and cashier's checks in the amount of approximately $240 mailed to his office by those "patients." Those prescriptions were typically filled at a pharmacy in Houston, Texas, and the pills were shipped to the recipients.

7. During the course of the conspiracy, Evans received at least $2.4 million in exchange for prescriptions for Schedule II controlled substances. Most of that money was paid by cash and money orders.

8. Evans and/or his office staff routinely deposited into certain bank accounts the money orders, cash, and cashier's checks received in exchange for prescriptions for Schedule II controlled substances that were issued as a part of the conspiracy to violate the Controlled Substances Act.

9. In June 2012, during the course of the conspiracy, Evans purchased the Defendant Property for approximately $411,250.00. At or near the time of closing, Evans paid approximately $102,345.66 towards the purchase price. An analysis of bank records, as well as an analysis of patient files seized from Evans' office, show that more than $50,000 of the down payment constitutes proceeds that Evans received as a result of violations of the Controlled Substances Act. The Defendant Property is subject to forfeiture under 21 U.S.C. § 881(a)(6) to the extent of all of the drug proceeds that were used towards the payment of the Defendant Property.

10. Because the down payment for the Defendant Property was a monetary transaction that involved more than $10,000 in proceeds from the illegal distribution of controlled substances, the Defendant Property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) as property involved in money laundering in violation of 18 U.S.C. § 1957.

### *Notice to Any Potential Claimants*

YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or

Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002, and a copy must be sent to the undersigned Assistant United States Attorney at the United States Attorney's Office, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

### *Prayer*

Wherefore, the United States of America prays that judgment of forfeiture be entered against Defendant Property in favor of the United States of America under 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881(a)(6) in addition to such costs and other relief to which the United States of America may be entitled.

    Respectfully submitted,

    Kenneth Magidson
    United States Attorney
    Southern District of Texas

By:   s/Lori S. Roth
    Lori S. Roth
    Email: lori.roth@usdoj.gov
    Texas State Bar No. 24076691
    SDTX Bar No. 1383270
    Assistant United States Attorney
    United States Attorney's Office
    1000 Louisiana, Suite 2300
    Houston, TX 77002
    Telephone: (713) 567-9000
    Fax: (713) 718-3307

*Verification*

I, Terry McGee, a Special Agent with the Internal Revenue Service, hereby verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth in the foregoing Complaint For Forfeiture In Rem are based upon either personal knowledge or from information, reports, or records obtained during investigation and from other law enforcement personnel, and are true and correct to the best of my knowledge and belief.

Executed on August 30, 2016.

                                              Terry McGee
                                              Special Agent
                                              Internal Revenue Service